IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

TINA LASHER,

                    Plaintiff,                    Civil Action No.
                                                  1:11-CV-0777 (DEP)
        v.

COMMISSIONER OF SOCIAL SECURITY,


                    Defendant.

---

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF

MARGOLIUS LAW FIRM                        PETER M. MARGOLIUS, ESQ.
7 Howard Street
Catskill, New York 12414

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN                 NOAH M. SHABACKER, ESQ
United States Attorney for the            Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

OFFICE OF REGIONAL GENERAL                MARY ANN SLOAN, ESQ.
COUNSEL                                   Acting Regional Counsel
Social Security Administration
26 Federal Plaza
New York, NY 10278-0004

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>DECISION AND ORDER</u>

Plaintiff Tina Lasher commenced this proceeding seeking judicial review of an agency determination denying her application for disability insurance benefits, pursuant to 42 U.S.C. § 405(g).  Judgment was ultimately entered in the case, based upon the parties' filing of cross-motions for judgment on the pleadings, vacating the Commissioner's determination that plaintiff was not disabled at the relevant times, and thus ineligible to receive Social Security benefits, and remanding the matter to the agency, with a directed finding of disability, for calculation of benefits owed.

The Commissioner now moves for alteration of the judgment entered, in essence requesting that the court reconsider its determination that the agency's determination is not supported by substantial evidence and results from the improper rejection of opinions of two treating physicians which contradict the residual functional capacity ("RFC") determination upon which the finding of no disability is predicated, as well as rejection of the plaintiff's subjective complaints of disabling pain.  In the alternative, the Commissioner requests a stay of the court's determination pending appeal.  For the reasons set forth below, I find no basis to disturb my prior decision to vacate the Commissioner's determination, but agree

that the directed finding of disability was improvident.

I.    BACKGROUND

On October 7, 2008, plaintiff submitted an application for disability insurance benefits to the Commissioner alleging that she was disabled, and thus precluded from working, beginning on September 28, 2008.  In an interview regarding her application plaintiff stated that she suffers from back and neck conditions, with restlessness in both legs, and that these conditions together limit her ability to work.  Plaintiff clarified that because of her circumstances she is unable to sit and stand for prolonged periods of time, and cannot lift heavy objects.  Plaintiff stated that she stopped working on September 25, 2008, based upon the pain that she was experiencing.

Plaintiff has received treatment for her medical conditions primarily from Dr. Fabio Danisi, a neurosurgeon in Kingston, New York, as well as at the Albany Medical Center ("AMC") where she was evaluated for chronic low back and neck pain by both neurosurgeons and/or personnel with the Center's Department of Physical Medicine and Rehabilitation. Magnetic Resonance Imaging ("MRI") testing of the plaintiff in May of 2008 revealed mild degenerative disc disease at L4-L5 and L5-S1, with two mildly bulging disks at those levels, and in the cervical region showed

broad-based disc bulging at C3-C4 "with mild right-sided degenerative neuro foraminal stenosis and mild right-sided cord compression." Upon referral of the plaintiff to the AMC it was determined that she was not a suitable candidate for surgery.

Plaintiff's neck and back pain has been treated with prescription medication, including Topamax, although that medication was discontinued when plaintiff was unable to afford the co-payment necessary to fill the prescription. According to a letter from Dr. Danisi, dated January 23, 2009, plaintiff suffers from diffuse chronic pain during the day as well as chronic fatigue which impairs her ability to work. Dr. Danisi completed a Physical Capacity Evaluation Form on April 16, 2009, opining that Ms. Lasher cannot lift, carry, push or pull at any level; cannot climb, stoop, kneel, crouch or crawl; and must have the ability to change positions frequently. In that evaluation, Dr. Danisi also noted that she is "unable to perform even sedentary activities" due to her cervical and lumbar pain as well as restless leg syndrome ("RLS").

In addition to experiencing cervical and lumbar back conditions, plaintiff also suffers from pain and discomfort in her right elbow. Plaintiff's right elbow condition was precipitated by a workplace accident in which she fell over a shopping cart on May 29, 2008. Beginning in June of

2008, plaintiff treated for the injuries associated with that accident at Capital Region Orthopedics, where she was ultimately followed by Dr. Richard R. Whipple, who she saw periodically in the months that followed.[1]  On October 19, 2010 – eight months after the decision rendered by the administrative law judge ("ALJ") assigned by the agency in this matter –  Dr. Whipple wrote that authorization for physical therapy was being requested in view of the failure of multiple injections to help alleviate the plaintiff's pain.  In that written communication, Dr. Whipple noted that he was prescribing a Lidoderm patch for relief of the pain, and would consider surgical release as a last resort.

On February 12, 2010, following a hearing conducted on January 10, 2012, ALJ Carl B. Stephan issued a decision in which he concluded that plaintiff was not disabled at the relevant times, and therefore ineligible to receive disability insurance benefits.  Applying the now-familiar five step test for determining disability, at step one ALJ Stephan  found that plaintiff had not engaged in substantial gainful activity since her alleged onset date.  Proceeding to step two, he found that the plaintiff suffers from severe impairments, as defined under the Act and corresponding

---

[1]     Dr. Whipple's treatment of the plaintiff for her elbow condition was apparently delayed for a period pending approval from her employer's workers' compensation carrier.

regulations, limiting her ability to perform basic work related functions, including a lumbar spine disorder, cervical spine disorder and RLS, but concluded at step three that those conditions do not meet or medically equal any of the listed, presumptively disabling impairments set forth in the regulations, either individually or collectively. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1.

ALJ Stephan then conducted a survey of the available medical evidence and determined that despite her condition, plaintiff retains the RFC to perform a full range of light work, as defined under the Commissioner's regulations.[2]  In arriving at that determination he rejected

---

[2]    By regulation light work is defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

contrary opinions of two treating sources, Dr. Fabio Danisi and D. O. Kathleen Marici, as well as plaintiff's subjective complaints concerning her pain and resulting limitations. The ALJ then concluded at step four that the plaintiff is capable of performing her past relevant work as a cashier, but nonetheless went on to conclude that consideration of plaintiff's relevant characteristics, as applied to the medical vocational guidelines of the regulations (the "grids"), 20 C.F.R. Pt. 404, Subpt. App. 2, would in any event support a finding of no disability.

Plaintiff sought review of the ALJ's decision by the Social Security Administration Appeals Council. In support of that request, *inter alia*, plaintiff submitted an October 19, 2010 letter from Dr. Whipple addressing her right elbow condition. The Appeals Council determined that Dr. Whipple's letter, as well as two other documents, should be included as part of the record. Notwithstanding the addition of those materials, however, the Appeals Council denied plaintiff's request for review, thereby making the ALJ's decision a final determination of the agency.

## II. PROCEDURAL HISTORY

Plaintiff commenced this action on July 8, 2011. Following the submission by the Commissioner of an administrative transcript of the proceedings and documents before the agency, as well as briefing, oral

argument in the matter was conducted by me on March 19, 2012.[3] At the conclusion of that hearing I rendered a bench decision granting plaintiff's motion for judgment on the pleadings, and followed that determination with the issuance of a written order, dated March 28, 2012, incorporating by reference the earlier bench decision, ordering that the determination of the agency be vacated and that the matter be remanded to the Commissioner with a directed finding of disability, solely for the purpose of calculation of benefits owing to the plaintiff. Judgment was thereafter entered on March 29, 2012, based upon that determination.

On April 26, 2012, the Commissioner moved seeking alteration or amendment of the court's judgment, pursuant to Rule 59(e) or, alternatively, a stay pending appeal, pursuant to 62(b), of the Federal Rules of Civil Procedure, respectively. Plaintiff has not responded to that motion, which has been taken by the court on submission.

III.    DISCUSSION

A.      Standard for Reconsideration

The Commissioner's motion for reconsideration is brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Northern District

---

[3]      This matter is before me based upon consent of the parties, pursuant to 28 U.S.C. § 636(c). *See* Dkt. No. 15.

of New York Local Rule 7.1(g).  Rule 59(e) permits the filing of a motion to alter or amend a judgment within twenty eight days after its entry, without setting forth a standard to be applied when deciding such a motion.  Fed. R. Civ. P. 59(e).  Similarly, Local Rule 7.1(g) details a procedure to govern motions for reconsideration, without setting out an applicable standard for to be applied.[4]  N.D.N.Y.L.R. 7.1(g).

---

[4]     Defendant's motion also potentially implicates Rule 60(b) of the Federal Rules of Civil Procedure, which sets forth the grounds for obtaining relief from a final judgment, order, or proceeding.  Fed. R. Civ. P. 60(b).  That rule provides, in relevant part, that

> [o]n motion and just terms, the court may relieve a party...from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Unlike Rule 59(e), Rule 60(b) sets forth a standard to be applied when deciding such a motion.  It is generally acknowledged that "[s]tandards governing a motion for reconsideration under Rule 60(b) are somewhat more restrictive than those governing a motion to alter or amend a judgment under Rule 59(e)."  *See* 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KANE, AND RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 2817 n.15 (2d ed. 2012) (quoting *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 420 (D. D.C. 2005)).  Since the Commissioner's motion for relief from the judgment under Rule 59(e) was filed within the prescribed twenty-eight day period, I will treat the motion as having been brought under that section rather than under Rule 60(b).

As the Supreme Court has noted, Rule 59(e) was added to the Federal Rules of Civil Procedure "to provide the District Court with the authority to 'rectify its own mistakes in the period immediately following the entry of judgment.'" *See Ueno v. Napolitano,* No. 04 CV 1873, 2007 WL 1395517, at *1 - 2 (E.D.N.Y. May 11, 2007) (quoting *White v. New Hampshire Dep't of Employment Sec.,* 45 U.S. 445, 450, 102 S. Ct. 1162, 1166 (1982). Accordingly, relief under the rule is an "extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources." *Stewart Park & Reserve Coalition, Inc. (SPARC) v. Slater,* 374 F. Supp. 2d 243, 253 (N.D.N.Y. 2005) (quoting *USA Certified Merchants, LLC v. Koebel,* 273 F. Supp. 2d 501, 503 (S.D.N.Y. 2003)); *see also Raffe v. Am. Nat'l Red Cross,* No. 5:08-cv-0211, 2012 WL 140412, at * 1 (N.D.N.Y. Jan. 18, 2012) (McCurn, S.J.); *GF Ventures of NY, LLC v. Blount Energy, Inc.,* No. 11-CV-1105, 2012 WL 1284392, at *1 (N.D.N.Y. Apr. 13, 2012) (McAvoy, S.J.).

In this district, reconsideration of a court's prior ruling is appropriate upon a showing of "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R.1, 3 (N.D.N.Y. 1995); *see also GF Ventures of NY,*

*LLC,* 2012 WL 1284392, at * 1; *Cayuga Indian Nation of New York v. Pataki,* 188 F. Supp. 2d 223, 244 (N.D.N.Y. 2002) (citing *Sumner v. McCall*, 103 F. Supp. 2d 555, 558 (N.D.N.Y. 2000)). This standard applies to motions to alter or amend a judgment under Rule 59(e). *See Raffe,* 2012 WL 140412, at *1. Applications for reconsideration are also subject to an overarching "clearly erroneous" gage. *Sumner*, 103 F. Supp. 2d at 558.

The benchmark for seeking reconsideration of a court's order is demanding. *Raffe*, 2012 WL 140412, at * 1; *GF Ventures of NY, LLC,* 2012 WL 1284392, at *1. A motion for reconsideration is not a vehicle through which a losing party may raise arguments that could have been presented earlier but for neglect, nor is it a device "'intended to give an unhappy litigant one additional chance to sway the judge.'" *Brown v. City of Oneonta, New York*, 858 F. Supp. 340, 342 (N.D.N.Y. 1994) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D.Va. 1977)). To qualify for reconsideration, "[t]he moving party [must] point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995) (citations omitted).

B.    <u>New Evidence</u>

Although not the primary reason for overturning the Commissioner's determination, in my decision I did place reliance upon opinions offered by plaintiff's orthopedist, Dr. Richard R. Whipple, on October 19, 2010 concerning plaintiff's right elbow.  Dr. Whipple's letter refers to the results of an MRI scan reflecting lateral epicondylitis and partial tearing of the extensors, as well as some thickening of the collateral ligament laterally, though with no definitive tear, and offered as a treatment plan physical therapy, a Lidoderm patch and, if required, a surgical release.  In his motion for reconsideration the Commissioner argues that an incorrect standard was applied by the court in considering this evidence.

Dr. Whipple's letter was submitted by the plaintiff following issuance of the ALJ's decision but prior to a determination by the Appeals Council concerning plaintiff's request for review.  The Social Security regulations expressly authorize a claimant to submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision.  20 C.F.R. §§ 404.970(b), 416.1470(b); *Perez v. Chater*, 77 F.3d 41, 43 (2d Cir. 1996).  Even when the Appeals Council declines to review the ALJ's decision, the new evidence submitted by the claimant nonetheless becomes part of the administrative record; the regulations require the

Appeals Council to "evaluate the entire record including the new and material evidence submitted . . . [and] review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record."  20 C.F.R. §§ 404.970(b), 416.1470(b); *Perez*, 77 F.3d at 45 (quoting § 404.970(b)).  When the Appeals Council denies review after considering new evidence the Commissioner's final decision "necessarily includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence."  *Perez*, 77 F.3d at 45 (citation and internal quotation marks omitted).

   While these rules therefore permit the inclusion into the record of evidence developed after the ALJ's decision, to be properly considered the post-hearing evidence must be new and material, and must relate to the period on or before the date of the ALJ's decision.  *Perez*, 77 F.3d at 45.  Specifically, evidence is "new" if it is not merely cumulative of what is already in the record, and is "material" if it is both (1) relevant to the claimant's condition during the time period for which benefits have been denied – that is, the period on or before the ALJ's decision, and (2) probative – in other words, that there is a "reasonable probability that the new evidence would have influenced the Commissioner to decide the claimant's application differently."  *Webb v. Apfel*, No. 98-CV-791, 2000

WL 1269733, at *14 (W.D.N.Y. Feb. 8, 2000) (citing *Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir.1990)).

During the hearing in this matter, the ALJ failed to question the claimant concerning her elbow.  In his decision, while referencing Dr. Whipple, the ALJ gives plaintiff's claim of right elbow short shrift and fails to account for any potential limitations associated with that condition in making his RFC determination.  Dr. Whipple's letter confirms, based upon MRI testing, the existence of a potentially limiting condition in plaintiff's right elbow, stemming from an accident predating the ALJ's decision, which could be expected to produce the level of pain claimed by the plaintiff to Dr. Whipple in her several visits predating the ALJ's determination and included within the record.

In short, the inclusion of Dr. Whipple's letter in the record provides one of two bases for the court's determination that the ALJ's finding of no disability is not supported by substantial evidence in the record.

### C.    Rejection of Treating Source Opinions

The court's disagreement with the Commissioner's determination was based, in part, upon another perceived error – the rejection of opinions of two treating sources, Dr. Fabio Danisi and Kathleen Marici, D.O.  In his request for reconsideration the Commissioner argues that the

court thereby improperly conducted an independent review of the medical records and substituted its judgment for that of the ALJ in connection with the opinions of those treating sources.

In my bench decision, I cited my reasoning for finding that the ALJ's rejection of opinions from plaintiff's treating sources was neither properly explained nor supported by substantial evidence. The standards articulated were consistent with those applicable to court review of such determinations, including under the Second Circuit's decision in *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002); *see also Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004); *Barnett v. Apfel*, 13 F. Supp. 2d 312, 316 (N.D.N.Y. 1998). Upon reflection, the arguments now raised by the Commissioner in connection with the treating physician provide no basis for the court to alter its decision.

D.    Plaintiff's Credibility

The other principal reason for setting aside the Commissioner's determination in this case stems from the ALJ's rejection of plaintiff's subjective complaints of disabling pain. The governing regulations provide that an ALJ must take into account subjective complaints of pain making the five step disability analysis. 20 C.F.R. §§ 404.1529(a), (d), 416.929(a), (d). In deciding how to exercise the discretion to evaluate a

claimant's subjective testimony concerning pain an ALJ must consider a variety of factors not unlike those which ordinarily would inform the issue of credibility in any context, including the plausibility of the claimant's testimony, his or her motivation, and the medical evidence in the record. *See Zentack v. Astrue*, No. 10–CV–1526(JS), 2012 WL 4364516, at *8 (E.D.N.Y. Sep. 12, 2012); *Smith v. Astrue*, No. 5:10–CV–84, 2012 WL 4052275, at *15 (N.D.N.Y. Sep. 13, 2012) (Mordue, J.); *Sweatman v. Callahan,* No. 96-CV-1966, 1998 WL 59461, at *5 (N.D.N.Y. Feb. 11, 1998) (Pooler, D.J.); *see also Marcus v. Califano*, 615 F.2d 23, 27-28 (2d Cir. 1979).  In making that determination an ALJ must reach an independent judgment concerning the actual extent of pain suffered and its impact upon the claimant's ability to work.  *Allen v. Comm'r of Soc. Sec.*, No. 7:10–CV–1156, 2012 WL 4033711, at * 6 (N.D.N.Y. 2012) (Suddaby, J.).  Importantly, when a claimant's testimony is rejected the ALJ must explicitly state the basis for that conclusion, with sufficient particularity to enable a reviewing court to determine whether those reasons for disbelief are legitimate, and whether the determination is supported by substantial evidence.  *Martone v. Apfel,* 70 F. Supp. 2d 145, 151(N.D.N.Y. 1999) (citing *Brandon v. Bowen*, 666 F. Supp. 604, 608 (S.D.N.Y. 1987)).  Where the ALJ's findings are supported by substantial

evidence, the decision to discount subjective testimony may not be disturbed on "review". *Aponte v. Secretary Dep't of Health & Srvs.,* 728 F.2d 588, 591 (2d Cir. 1984).

For the reasons noted in my earlier bench decision, I adhere to my belief that the ALJ's rejection of plaintiff's subjective complaints was neither well-supported nor properly explained.

E.    Scope of Remand

In my original decision I concluded that persuasive proof of plaintiff's disability existed in the record, and therefore remanded the matter to the Commissioner for the sole purpose of calculating benefits.  Having reviewed the matter, I will now reconsider that determination.

Section 405(g) of the Social Security Act provides for two types of remands: remands pursuant to sentence four of that section, and those pursuant to sentence six.  42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 97-98, 111 S. Ct. 2157, 2163 (1991) (citing *Sullivan v. Finkelstein,* 496 U.S. 617, 623-27, 110 S. Ct. 2658, 2662-66 (1990)). Sentence four provides that:

> [t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g).  As this language plainly suggests, sentence four contemplates the entry of judgment upon the pleadings, as well as based on a transcript of the record below.[5]

As can be seen, the court retains the discretion to modify or reverse the decision below and, if deemed appropriate, to remand the matter to the agency in order to allow gaps in the evidentiary record to be filled, or discerned errors addressed.  *See*, *e.g., Rosa v. Callahan,* 168 F.3d 72,

_____

[5]     Sentence six of section 405(g), by contrast, provides that:

> [t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

*Id.*  Sentence six, then, contemplates remand in one of two situations – where the agency requests remand before answering the complaint ("clause one"), or where new, material evidence is presented that was for good cause not presented before the Administration ("clause two").  *Id.*; *Shalala v. Schaefer,* 509 U.S. 292, 297 n.2, 113 S. Ct. 2625, 2629 n.2 (1993) (citing *Melkonyan*); *Melkonyan*, 501 U.S. at 100 n.2, 111 S. Ct. at 2164 n.2; *Raitport v. Callahan,* 183 F.3d 101, 104 (2d Cir. 1999); *Medina v. Apfel,* No. 00 CIV. 3940, 2001 WL 1488284, at *4 (S.D.N.Y. Nov. 21, 2001).   This case presents neither of these situations.

82-83 (2d Cir. 1999); *Pratts v. Chater,* 94 F.3d 34, 39 (2d Cir. 1996). Alternatively, when there is no reason to believe that remand would serve any useful purpose the court may, in its discretion, deem it appropriate to remand solely for a calculation of benefits. *Balsamo v. Chater,* 142 F.3d 75, 82 (2d Cir. 1998). Reversal and remand for the calculation of benefits is only warranted, however, "when there is 'persuasive proof of disability' [in the record] and further development of the record would not serve any purpose." *Steficek v. Barnhart*, 462 F. Supp. 2d 415, 418 (W.D.N.Y. 2006) (quoting *Rosa*, 168 F.3d at 83). Remand for further consideration, on the other hand, is justified when the ALJ has applied an improper legal standard, or further findings and explanations would clarify the ALJ's decision. *See Rosa,* 168 F.3d at 82-83; *Parker v. Harris,* 626 F.2d 225, 235 (2d Cir. 1980); *Steficek*, 462 F. Supp. 2d at 418 (citing *Pratts*, 94 F.3d at 39).

In this instance, I conclude that remand is required for the purpose of permitting the agency to make further findings and offer additional explanations regarding the record evidence, and not because of my finding that there is persuasive proof of disability in the existing record.

IV.    SUMMARY AND RECOMMENDATION

I have reviewed my prior, oral determination in this action based

upon the Commissioner's motion to alter or amend the resulting judgment. Undeniably, as I noted in my earlier bench decision, this is a close case, when viewed through the deferential prism through which the Commissioner's determination must be examined.  Having made my review, however, I find no basis to disturb my determination regarding the ALJ's rejection of opinions from plaintiff's treating source and her subjective pain complaints, or my view of the record as properly supplemented by Dr. Whipple's October 2010 opinions concerning plaintiff's right elbow condition.  I have, however, reconsidered my decision to the extent that it addresses the scope of remand, and will direct that the matter be returned to the agency for further consideration, without a directed finding of disability as originally contemplated.[6]

Based upon the foregoing it is hereby

ORDERED, as follows:

1)     Defendant's motion to alter or amend the judgment entered in this case is GRANTED, in part.

2)     The Clerk will be directed to issue an amended judgment in the case, ordering that the Commissioner's determination be VACATED

---

[6]     In light of this ruling, I find no basis to order a stay of the judgment entered, as amended, pending appeal.

and the matter returned to the agency for further proceedings consistent with this opinion.

3)    Except as to the foregoing the Commissioner's motion to amend or alter the judgment in this action, and for a stay pending appeal, is DENIED.


David E. Peebles
U.S. Magistrate Judge

Dated:    October 1, 2012
          Syracuse, NY